**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SEBASTIAN PHILLIPS, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:11-CV-02021 (EGS)** |
| | ) | |
| **RAY MABUS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ______________________________ | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

COME NOW Plaintiffs Sebastian Phillips ("Phillips") and Marine Design Dynamics, Inc. ("MDD") (collectively "Plaintiffs"), by and through undersigned counsel, and hereby submit this memorandum in opposition to Federal Defendants'[1] Motion to Strike. Federal Defendants' claims that Plaintiffs' Motion for Partial Summary Judgment failed to comply with this Court's orders are unfounded and the governing case law and applicable rules do not provide for a motion to strike in this context. Plaintiffs respectfully request that Federal Defendants' Motion be denied and in support thereof states as follows:

I. ARGUMENT

Federal Defendants' Motion fails to comply with the procedural rules of this jurisdiction. Neither Fed. R. Civ. P. 56, nor any other pertinent rule, authorizes the use of a motion to strike in the context of a motion for summary judgment. Indeed, Federal Defendants themselves correctly

[1] Ray Mabus, Secretary of the Navy, Admiral Jonathan Greenert, Chief of Naval Operations, Vice Admiral Kevin McCoy, Commander, Naval Sea Systems Command, Jonathan Kaskin, Deputy Chief of Naval Operations, Michael Bosworth, Acting Chief Technology Officer, Naval Sea Systems Command, Charles Traugh, Program Manager, Operational Logistics Integration Program, and William Robinson, Assistant Program Manager, Operational Logistics Integration Program (collectively the "Federal Defendants").

cite that the Federal Rules do not authorize such a motion in this context.  *See* Doc. 108, p. 2. Federal Defendants' Motion should be denied for this reason alone. The only provision of the Court's rules that specifically authorizes motions to strike is Rule 12(f), which applies solely to "pleadings," a term that is defined in Rule 7(a) to include only complaints, answers, cross-claims, and counterclaims.  Fed. R. Civ. P. 7(a).  However, Plaintiffs' Motion for Partial Summary Judgment is not a "pleading" and it is therefore not subject to this rule.

Furthermore, even if a motion to strike were appropriate here, such motions "are strongly disfavored, and the decision of whether to strike all or part of a pleading or attachment thereto rests within the sound discretion of the court."  U.S. ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency, 456 F. Supp. 2d 46, 51 (D.D.C. 2006).  No basis exists for the Court to grant such an extreme remedy in this case, particularly because the local rules already provide Federal Defendants with an opportunity to set forth any procedural grounds to justify a denial of Plaintiffs' Motion for Partial Summary Judgment in an opposition.  Local Rule 7(h).

Federal Defendants' unwarranted motion serves only to delay these proceedings and drive up the costs of litigation to Plaintiffs.  Fed. R. Civ. P. 11(b)(1) states:

> "By presenting to the Court a … written motion … an attorney … certifies that … (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase in the cost of litigation…"

Accordingly, Federal Defendants' Motion violates this procedural rule because its purpose is solely to cause "unnecessary delay or needless increase in the cost of litigation."  Id.

A.  PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT DOES NOT VIOLATE THIS COURT'S MARCH 25, 2014 MINUTE ORDER

Federal Defendants' procedural overview of the proceedings with the respect to this Court's March 25, 2012 Minute Order is correct.  *See* Doc. 108, pp. 1 – 2.  Federal Defendants filed their Renewed Motion to Dismiss, or in the alternative, for Summary Judgment; Plaintiffs'

filed their opposition and Federal Defendants replied. Id. The Court then ordered the filing of a surreply by Plaintiffs because Federal Defendants raised new arguments in its reply. *See* March 25, 2014 Minute Order (*citing* Flynn v. Veazey Constr. Corp., 301 F.Supp.2d 186, 189 (D.D.C. 2004)). While the Court could have completely "…ignore[d] those arguments in resolving the motion…", Id., the Court ordered Plaintiffs to respond no later than April 9, 2014 to the five new contracts first raised in Federal Defendants' reply, that were in existence at the time Federal Defendants filed their original motion.

In accordance with this Court's March 25, 2014 Minute Order, Plaintiffs filed their surreply on April 9, 2014, responding directly to Federal Defendants' newly presented evidence that was in existence prior to their motion, and clarifying that all the newly cited contracts are unrelated to the heart of Plaintiffs' Amended Complaint.[2]

B. PLAINTIFFS' TIMELY FILED MOTION FOR PARTIAL SUMMARY JUDGMENT DOES NOT VIOLATE THIS COURT'S OCTOBER 23, 2012 MINUTE ORDER

Pursuant to Fed. R. Civ. P. 56(b), "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery." Id. (emphasis added). While the Court granted limited discovery on the scope of employment and qualified immunity with respect to the issues raised in Federal Defendants' first motion to dismiss, or for summary judgment, *see* October 23, 2012

[2] Plaintiffs allege that the Navy's Operational Logistics Integration Program ("OPLOG") and the Naval Sea Systems Command ("NAVSEA") *de facto* debarred Plaintiffs from government contracting, without notice of the grounds for the debarment or an opportunity to oppose the debarment. Federal Defendants had cancelled the OPLOG work previously allocated to MDD, which performed said OPLOG work under subcontracts with Computer Sciences Corporation ("CSC"), and subsequently "…dictated that no funding be sent to MDD in support of OPLOG in FY12…" (the "OPLOG Debarment"). Doc. 71, Ex. A, ¶ 7; Doc. 71, Ex. B, ¶ 10; Doc. 42, Ex. R. Plaintiffs' Amended Complaint further alleges that, as a result of the OPLOG Debarment, MDD was *de facto* debarred from competing for a subcontract with the Navy's Military Sealift Command ("MSC") because Federal Defendants instructed that it would "… not be involved with any contract that includes MDD…" and then refused to supply a technical point of contact for the MSC Energy Conservation Contract (the "MSC ENCON Contract"), thus preventing MDD from fairly competing for this MSC work (the "MSC Debarment"). Doc. 71, Ex. A, ¶¶ 52 – 55; *see also* Doc. 42, Exs. O – Q. *See*, *generally*, Doc. 42.

Minute Order, the parties have not yet conducted formal discovery in this litigation pursuant to Fed. R. Civ. P. 26. In this case, discovery has only been conducted to the limited matters address in the Court's October 23, 2012 Minute Order, *see*, *generally* Fed. R. Civ. P. 26(d)(1), and general "…methods of discovery may be used in any sequence…". Fed. R. Civ. P. 26(d)(2)(A). Federal Defendants' motion clearly is without merit.

In accordance with this Court's October 23, 2012 Minute Order, March 25, 2014 Minute Order, and the rules governing this jurisdiction, Plaintiffs filed their Motion for Partial Summary Judgment on March 28, 2014, setting forth grounds for the Court to rule in favor of Plaintiffs' claims that no genuine issue of material fact exists with respect to the OPLOG and MSC Debarments and requesting a judgment as a matter of law,[3] and then subsequently filed their surreply on April 9, 2014 in compliance with this Court's orders.

II. REQUEST FOR SANCTIONS

Plaintiffs request the Court take judicial notice that Federal Defendants filed this Motion prior to the Court ordered deadline for Plaintiffs' surreply of April 9, 2014. Doc. 108; Doc. 109. Clearly, Federal Defendants have not been prejudiced by Plaintiffs' compliance with this Court's orders or their responsibilities to file their independent opposition to Plaintiffs' Motion for Partial Summary Judgment, *see* Fed. R. Civ. P. 56, as Plaintiffs are afforded the same procedural safeguards by virtue of the Federal Rules of Civil Procedure as Federal Defendants in this proceeding. Nevertheless, Plaintiffs will stipulate to an extension to the deadline for Federal Defendants' opposition to Plaintiffs' Partial Motion for Summary Judgment. However, should the Court determine that the filing of Federal Defendants' Motion to Strike violates Fed. R. Civ.

[3] *See* footnote 2.

P. 11(b)(1), Plaintiffs respectfully request sanctions in the amount of attorneys' fees and costs associated with filing this instant opposition.

## III. CONCLUSION

WHEREFORE, for the above stated reasons, Plaintiffs respectfully request the Court to deny the subject motion.

This, the 15th day of April, 2014.

Respectfully submitted,

______________________________

Erika R. Greene, Esq.
D.C. Bar No. 1008654
Johnson Law Group Intl., PLLC
1321 Pennsylvania Avenue, SE
Washington, DC 20003
Telephone: 202-544-1515
Fax: 866-446-3240
Email: egreene@jlgi.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this, the 15th day of April, 2014, a true and correct copy of the foregoing document was served via the Court's Electronic Mail System, which will provide notice to all counsel of record.

Erika R. Greene, Esq.
Johnson Law Group Intl., PLLC
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SEBASTIAN PHILLIPS, et al.,** | **)** | |
| | **)** | |
| **Plaintiffs,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. 1:11-CV-02021 (EGS)** |
| | **)** | |
| **RAY MABUS, et al.,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |
| ______________________________________ | **)** | |

**ORDER**

This matter is before the Court on Federal Defendants' Motion to Strike Plaintiffs' Motion for Partial Summary Judgment. Upon consideration of this Motion, Plaintiffs' opposition, and the entire record of this case, it is this, the ____ day of ______________________, 2014,

**ORDERED** that Federal Defendants' Motion to Strike Plaintiffs' Motion for Partial Summary Judgment should be and hereby is **DENIED.**

______________________________________
UNITED STATES DISTRICT JUDGE

Copies to:

Erika R. Greene, Esq.
Bradford P. Johnson, Esq.
Johnson Law Group Intl., PLLC
1321 Pennsylvania Avenue, SE
Washington, DC 20003

Marian L. Borum, Esq.
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, NW
Room E4810
Washington, DC 20530