**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                                )
SEBASTIAN PHILLIPS, et al.,      )
                                )
            Plaintiffs,          )
                                )
        v.                       )  Civil Action No. 11-2021 (EGS)
                                )
RAYMOND E. MABUS, et al.,        )
                                )
            Defendants.          )
_____ )
```

<u>**MEMORANDUM OPINION**</u>

Currently pending before the Court are: (1) federal defendants' renewed motion to dismiss Counts I, II, and IX of the amended complaint or, in the alternative, for summary judgment as to Counts I and II; (2) defendant Matthew Miller's motion for summary judgment as to the claims against him; (3) plaintiffs Sebastian Phillips' and Marine Design Dynamics, Inc.'s motion for partial summary judgment as to Count I; (4) federal defendants' motion to strike plaintiffs' motion for partial summary judgment; (5) plaintiffs' motion for summary judgment as to the claims against Mr. Miller; and (6) Mr. Miller's motion to strike plaintiffs' summary judgment motion as to the claims against him. Upon consideration of the motions, the responses and replies thereto, the applicable law, and the entire record, federal defendants' and Mr. Miller's motions to strike are **DENIED**. Federal defendants and Mr. Miller will have

the opportunity to file briefs in opposition to plaintiffs'
summary judgment motions, and plaintiffs, in turn, will have the
opportunity to reply. The Court will then be in a position to
resolve cross-motions for summary judgment as to Count I against
federal defendants and as to the claims against Mr. Miller.

## I.    Background

Plaintiffs' amended complaint asserts nine counts. Count I
asserts that federal defendants——a group of Navy officials——
violated plaintiffs' constitutional right to due process by
blacklisting them from government contracting without procedural
safeguards, and seeks declaratory and injunctive relief. Am.
Compl., ECF No. 42 ¶¶ 99-121. Count II asserts the same claims
against federal defendants Charles Traugh and Michael Bosworth
in their individual capacities and seeks damages of $2.5
million. *Id.* ¶¶ 122-26. Counts III-VIII assert breach of
fiduciary duty and civil conspiracy against plaintiffs' former
employees Michael Mazzocco, Volker Stammnitz, William Muras, and
Matthew Miller, and common law defamation against Mr. Mazzocco.
*Id.* ¶¶ 127-92. Count IX alleges common law interference with
contractual relations by federal defendants Mr. Traugh and
William Robinson in their official and individual capacities.
*Id.* ¶¶ 193-200. On September 30, 2012, the Court denied federal
defendants' motion to dismiss or, in the alternative, for
summary judgment, and denied motions to dismiss filed by Mr.

2

Mazzocco, Mr. Stammnitz, and Mr. Muras. *Phillips v. Mabus*, 894
F. Supp. 2d 71 (D.D.C. 2012).

On October 23, 2012, the Court issued an order giving
federal defendants and plaintiffs until December 6, 2012 to
engage in settlement discussions and, in the event that
settlement discussions were unsuccessful, giving them until
March 5, 2013 to conduct limited discovery on the issues of
scope of employment (relevant to Count IX of the amended
complaint) and qualified immunity (relevant to Count II of the
amended complaint). *See* Minute Entry of October 23, 2012. No
settlement occurred, and on May 14, 2013, federal defendants
filed a renewed motion to dismiss or, in the alternative, for
summary judgment. *See* Fed. Defs.' Renewed Mot. to Dismiss or, in
the Alternative, for Summ. J., ECF No. 88. Mr. Miller filed a
motion for summary judgment as to the claims against him that
same day. *See* Def. Matthew Miller's Mot. for Summ. J., ECF No.
87. Plaintiffs, federal defendants, and Mr. Miller engaged in a
full round of briefing as to these motions. Federal defendants
raised certain arguments for the first time in their reply brief
in support of their renewed motion. *See* Fed. Defs.' Reply, ECF
No. 104-1 at 4-6. Accordingly, on March 25, 2014 the Court
stayed proceedings in this case and directed plaintiffs to file
a surreply of no more than ten pages limited to addressing the

facts and arguments raised for the first time in federal
defendants' reply. *See* Minute Entry of March 25, 2014.

Plaintiffs not only filed the surreply, *see* Pls.' Surreply,
ECF No. 109, but also filed a motion for partial summary
judgment as to Count I of their amended complaint and a motion
for summary judgment as to the claims against Mr. Miller. *See*
Pls.' Mot. for Partial Summ. J., ECF No. 107; Pls.' Mot. for
Summ. J. Against Def. Matthew Miller, ECF No. 113. Federal
defendants then filed a motion to strike plaintiffs' motion for
partial summary judgment as to Count I, *see* Fed. Defs.' Mot. to
Strike Pls.' Mot. for Partial Summ. J., ECF No. 108, and Mr.
Miller filed a motion to strike plaintiffs' summary judgment
motion as to the claims against him. *See* Def. Matthew Miller's
Mot. to Strike Pls.' Mot. for Summ. J., ECF No. 115.

## II.  Analysis

Plaintiffs principally argue that the Court should deny the
motions to strike their summary judgment motions because Federal
Rule of Civil Procedure 12(f) only contemplates motions to
strike a "pleading," and a motion for summary judgment is not
included in Federal Rule of Civil Procedure 7(a)'s list of
"pleadings." Pls.' Opp. to Fed. Defs.' Mot. to Strike, ECF No.
110 at 1-2; Pls.' Opp. to Def. Matthew Miller's Mot. to Strike,
ECF No. 116 at 1-2. This argument fails, however, as the Court
does retain the discretionary authority to strike summary

judgment motions if necessary "to tame . . . tempestuous litigation." *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 11 (D.D.C. 2004). Even so, the Court declines to exercise that authority in this case. As detailed below, the Court finds federal defendants' and Mr. Miller's arguments in support of their motions to strike unavailing and is of the opinion that the best course for this case is to permit one last set of opposition and reply briefs, thereby permitting the Court to resolve cross-motions for summary judgment as to Count I against federal defendants and as to Counts VI and VIII against Mr. Miller.

**A.   Federal Defendants' and Mr. Miller's Arguments in Favor of Striking Plaintiffs' Summary Judgment Motions Are Unavailing**

Federal defendants and Mr. Miller argue that plaintiffs have failed to comply with the Court's March 25, 2014 order and, consequently, plaintiffs' summary judgment motions should be stricken. Specifically, they allege that plaintiffs did not file a surreply and did not limit their arguments to the facts and arguments raised for the first time in federal defendants' reply in support of their renewed motion. Fed. Defs.' Mem. Supp. Mot. to Strike, ECF No. 108 at 3.[1] But this argument fails——and

---

[1] Mr. Miller "incorporates by reference all of the arguments made by the federal defendants in their motion to strike" into his motion to strike. Def. Miller's Mem. Supp. Mot. to Strike, ECF No. 115-1 at 3.

federal defendants abandon it, *see generally* Fed. Defs.' Reply to Pls.' Opp. to Mot. to Strike, ECF No. 111——because, as plaintiffs explain, plaintiffs filed a timely and appropriately limited surreply. *See* Pls.' Opp. to Fed. Defs.' Mot. to Strike, ECF No. 110 at 2-3.

Mr. Miller, however, advances a stronger argument when he asserts that plaintiffs' motions for summary judgment should be stricken on the ground that plaintiffs violated the Court's March 25, 2014 order because that order stayed the proceedings in this case and plaintiffs' summary judgment motions were filed after the stay. Def. Miller's Mem. Supp. Mot. to Strike, ECF No. 115-1 at 2-3. Plaintiffs' primary retort that the Court's order staying proceedings in this case made "no reference whatsoever to Defendant Miller," Pls.' Opp. to Def. Matthew Miller's Mot. to Strike, ECF No. 116 at 2, is not persuasive for two reasons. First, the stay was with regard to the "proceedings in this case" and was not expressly limited to proceedings involving just federal defendants. *See* Minute Entry of March 25, 2014. Second, even if the stay had been limited to proceedings involving just federal defendants, plaintiffs filed a post-stay motion for partial summary judgment as to one of their claims against federal defendants. Plaintiffs did therefore violate the terms of the stay by filing their two summary judgment motions after the stay was put in place, which authorizes the Court to

strike their motions. *Cf. Edisync Sys., Inc. v. Centra Software, Inc.*, No. 03-1587, 2006 WL 1980633, at *1 (D. Colo. July 13, 2006); *Brinco Mining Ltd. v. Fed. Ins. Co.*, 552 F. Supp. 1233, 1240 (D.D.C. 1982) (describing a court's "inherent authority over its own docket").

The Court, however, declines to exercise that authority because, as plaintiffs accurately explain, federal defendants and Mr. Miller have not been prejudiced by plaintiffs' motions for summary judgment. *See* Pls.' Opp. to Fed. Defs.' Mot. to Strike, ECF No. 110 at 4; Pls.' Opp. to Def. Matthew Miller's Mot. to Strike, ECF No. 116 at 3. There is no merit to federal defendants' and Mr. Miller's assertion that they are "prejudiced" by arguments made for the first time in plaintiffs' summary judgment motions, *see* Fed. Defs.' Mem. Supp. Mot. to Strike, ECF No. 108 at 3, because they will have the opportunity to file opposition briefs. Similarly, there is no merit to the assertion that plaintiffs' motions should be stricken as duplicative of their earlier-filed opposition briefs. *See* Fed. Defs.' Reply to Pls.' Opp. to Mot. to Strike, ECF No. 111 at 4; Def. Miller's Mem. Supp. Mot. to Strike, ECF No. 115-1 at 3. To the extent that plaintiffs' summary judgment motions merely rehash the arguments put forth in their opposition briefs, federal defendants and Mr. Miller are free to point that out to the Court in their own opposition briefs and simply incorporate

7

by reference any arguments they have already put in front of the
Court in their prior briefing.

Federal defendants and Mr. Miller also argue that
plaintiffs' summary judgment motions should be stricken on the
ground that plaintiffs failed to comply with the Court's October
23, 2012 order. That order set a briefing schedule for federal
defendants' renewed motion in the event that federal defendants
and plaintiffs were unable to reach a settlement. Minute Entry
of October 23, 2012. Federal defendants and Mr. Miller argue
that because that order in no way contemplated that plaintiffs
would be filing a dispositive motion, plaintiffs' subsequent
summary judgment motions were filed in violation of the order
and should be stricken. Fed. Defs.' Mem. Supp. Mot. to Strike,
ECF No. 108 at 4; Fed. Defs.' Reply to Pls.' Opp. to Mot. to
Strike, ECF No. 111 at 2-4. Although the Court is sympathetic to
the position that plaintiffs could have more clearly
communicated an intent to file a dispositive motion when the
Court initially set a briefing schedule for federal defendants'
renewed motion, the Court is still not convinced that striking
plaintiffs' motions is the proper course of action. The Court's
October 23, 2012 order did only address federal defendants'
renewed motion, but it did not preclude the filing of other
motions. And, in any event, given the opportunity federal
defendants and Mr. Miller will have to file opposition briefs,

8

refusing to strike plaintiffs' motions will not result in any undue prejudice.

Finally, federal defendants and Mr. Miller argue that plaintiffs' motions for summary judgment are untimely under Federal Rule of Civil Procedure 56(b). Fed. Defs.' Mem. Supp. Mot. to Strike, ECF No. 108 at 5; Fed. Defs.' Reply to Pls.' Opp. to Mot. to Strike, ECF No. 111 at 4-6. Rule 56(b) states: "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Federal defendants and Mr. Miller argue that in its October 23, 2012 order, the Court mandated that the parties would have until March 5, 2013 to conduct limited discovery on the issues of scope of employment and qualified immunity. Because plaintiffs' summary judgment motions were filed much later than 30 days after March 5, 2013, federal defendants and Mr. Miller assert that plaintiffs' motions should be stricken as untimely. Fed. Defs.' Mem. Supp. Mot. to Strike, ECF No. 108 at 5; Fed. Defs.' Reply to Pls.' Opp. to Mot. to Strike, ECF No. 111 at 4-5. But plaintiffs are correct to emphasize that the discovery schedule put in place by the Court governed discovery limited to issues pertaining to Counts II and IX of plaintiffs' amended complaint. *See* Pls.' Opp. to Fed. Defs.' Mot. to Strike, ECF No. 110 at 3-4; Pls.' Opp. to Def.

Matthew Miller's Mot. to Strike, ECF No. 116 at 3. No discovery has yet occurred with regard to Counts I, VI, and VIII, which are the Counts implicated by plaintiffs' motions for summary judgment. Thus "all discovery" has not yet closed with regard to those Counts, so plaintiffs' summary judgment motions are not untimely under the Federal Rules. *See* Fed. R. Civ. P. 56(b).

**B.   Sanctions Are Not Warranted**

Plaintiffs seek attorneys' fees and costs associated with opposing the motions to strike should the Court determine that the filing of federal defendants' and Mr. Miller's motions to strike violates Federal Rule of Civil Procedure 11(b)(1). Pls.' Opp. to Fed. Defs.' Mot. to Strike, ECF No. 110 at 4-5; Pls.' Opp. to Def. Matthew Miller's Mot. to Strike, ECF No. 116 at 3-4. Rule 11(b)(1) permits sanctions for the filing of a motion that has "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Plaintiffs' request for sanctions is unavailing. First, it does not appear that plaintiffs have complied with the procedural requirements of Rule 11(c)(2). That provision states that a "motion for sanctions must be made separately from any other motion" and that the allegedly offending party, after being served with the motion for sanctions, is to be given 21 days to withdraw or correct the challenged filing before the motion for sanctions is

10

presented to the court. Fed. R. Civ. P. 11(c)(2). Here, plaintiffs' requests for sanctions are not stand-alone motions but rather are tacked on to their briefs in opposition to the motions to strike, and the requests were not served on federal defendants and Mr. Miller 21 days prior to the requests being presented to the Court. *See generally* Pls.' Opp. to Fed. Defs.' Mot. to Strike, ECF No. 110; Pls.' Opp. to Def. Matthew Miller's Mot. to Strike, ECF No. 116. Second, even assuming the proper procedure was followed, plaintiffs have not shown that federal defendants' and Mr. Miller's motions to strike have an improper purpose. Particularly given the fact that all proceedings in this case were stayed when plaintiffs filed their summary judgment motions, *see supra* Part II.A, federal defendants and Mr. Miller certainly had a colorable argument that the Court should strike plaintiffs' summary judgment motions. Accordingly, sanctions under Rule 11(b)(1) are unwarranted.

## III. Conclusion

For the reasons stated above, federal defendants' and Mr. Miller's motions to strike are **DENIED**. Federal defendants and Mr. Miller will have an opportunity to file briefs in opposition to plaintiffs' motions for summary judgment, and plaintiffs will, in turn, have an opportunity to reply. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:**    **Emmet G. Sullivan**
            **United States District Judge**
            **November 4, 2016**