**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SEBASTIAN PHILLIPS, *et al.*,

               Plaintiffs,

v.

CARLOS DEL TORO,[1]
Secretary of the Navy, *et al.*,

               Defendants.

No. 11-cv-2021 (EGS)

**MEMORANDUM OPINION**

## I.  Introduction

Plaintiff Sebastian Phillips ("Mr. Phillips"), a Naval Architect, and his architecture and engineering firm, Plaintiff Marine Design Dynamics, Inc. ("MDD"), allege that they have been effectively debarred from future government contracts with the United States Department of the Navy since 2011. Plaintiffs sued eleven individuals on various federal constitutional and state common-law claims.

Plaintiffs brought federal constitutional claims against the Secretary of the Navy, the Chief and Deputy Chief of Naval Operations, and four officials of the Naval Sea Systems Command ("NAVSEA") and Operational Logistics Integration Program

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carlos Del Toro has been automatically substituted as the lead defendant in this case. *See* Fed. R. Civ. P. 25(d).

("OPLOG") (collectively, the "Federal Defendants"). In a Memorandum Opinion issued on July 15, 2019, the Court dismissed all of these claims. No federal claims remain before the Court.

Plaintiffs also sued four private individuals, who are former employees of MDD: Michael J. Mazzocco ("Mr. Mazzocco"), William J. Muras ("Mr. Muras"), Volker Stammnitz ("Mr. Stammnitz"), and Matthew K. Miller ("Mr. Miller"). Plaintiffs contend that these defendants are liable for breach of fiduciary duty, defamation, and civil conspiracy. The Court dismissed all claims against Mr. Miller in its July 15, 2019, Memorandum Opinion.

Pending before the Court is a Motion to Dismiss filed by Mr. Mazzocco, Mr. Muras, and Mr. Stammnitz (collectively, the "Individual Defendants"). The Individual Defendants move to dismiss the remaining breach of fiduciary duty, defamation, and civil conspiracy claims against them. Upon careful consideration of the Parties' submissions, the applicable law, and the entire record, the Court will retain supplemental jurisdiction over the remaining claims in the case. Accordingly, the Court **DENIES** the Individual Defendants' Motion to Dismiss.

## II.  Background

### A. Factual

The Court assumes the Parties' familiarity with the factual background and the long history of this litigation, which are set forth in the Court's three prior opinions. *See Phillips v. Mabus* ("*Phillips I*"), 894 F. Supp. 2d 71 (D.D.C. 2012); *Phillips v. Mabus* ("*Phillips II*"), 319 F.R.D. 36 (D.D.C. 2016); *Phillips v. Spencer* ("*Phillips III*"), 390 F. Supp. 3d 136 (D.D.C. 2019). Accordingly, the Court provides only a brief summary of those facts that are relevant to resolving the instant motion to dismiss.

In 2005, Mr. Phillips, a Naval Architect, formed MDD, a District of Columbia-based Naval Architecture firm specializing in ship energy conservation for the Department of the Navy and other government clients. *See* Am. Compl., ECF No. 42 at 4 ¶¶ 6-7.[2] Between 2006 and 2011, MDD was one of the subcontractors for Computer Sciences Corporation ("CSC"), *id.* at 6 ¶ 23; which served as one of the contractors supporting the Navy's Operational Logistics Integration Program ("OPLOG"), *id.* at 7-8 ¶¶ 25-30.

Between March 2011 and July 2011, four MDD employees who had performed significant work on the OPLOG projects left MDD:

---

[2] When citing electronic filings throughout this opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

3

Mr. Mazzocco, Mr. Stammnitz, Mr. Muras, and Mr. Miller. *Id.* at 14-21 ¶¶ 45-67. In their Amended Complaint, Plaintiffs allege that all four former employees either started or joined business entities that competed with MDD to perform the same work for OPLOG. *See id.* Plaintiffs also allege that Mr. Mazzocco spread false rumors that MDD was double- or triple-billing the government for its work. *Id.* at 16 ¶¶ 52-54.

Shortly thereafter, on or about May 18, 2011, Mr. Mazzocco, Mr. Stammnitz, and Mr. Muras met in Boston with Naval Sea Systems Command ("NAVSEA") and OPLOG employees. *Id.* at 21-23 ¶¶ 68-77. Plaintiffs allege that during that meeting, two federal Navy officials, working with the Individual Defendants, decided to eliminate MDD entirely from the OPLOG budget for the following year and redirect Plaintiffs' work to the departing or already-departed MDD employees. *Id.* Plaintiffs further allege that they have been awarded no new work for OPLOG, through the CSC contract or any other contract, since July 2011. *Id.* at 25 ¶ 83.

**B. Procedural**

On January 3, 2012, Plaintiffs filed the Amended Complaint. *See generally id.* Counts I and II assert federal-question claims against the Federal Defendants, *id.* at 29-35 ¶¶ 99-126; and Count IX asserts common-law claims against two of the Federal Defendants, *id.* at 47-49 ¶¶ 193-200. Counts III, IV, V, and VI assert a breach of fiduciary duty claim against Mr. Mazzocco, Mr. Stammnitz, Mr. Muras, and Mr. Miller, respectively. *Id.* at 35-44 ¶¶ 127-78. Count VII asserts a defamation claim against Mr. Mazzocco. *Id.* at 44-45 ¶¶ 179-86. Count VIII asserts a civil conspiracy claim against all four individual defendants. *Id.* at 46 ¶¶ 187-92.

On September 30, 2012, the Court denied the following motions: (1) the Federal Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment, (2) Plaintiffs' Motion to Enforce the Stipulated Preliminary Injunction, and (3) the Motions to Dismiss filed by Mr. Mazzocco, Mr. Stammnitz, and Mr. Muras. *Phillips I*, 894 F. Supp. 2d at 76. The Parties engaged in limited discovery and settlement discussions as to the Federal Defendants only but never reached a resolution. *Phillips II*, 319 F.R.D. at 37.

On July 15, 2019, after full rounds of briefing, the Court granted the Federal Defendants' Renewed Motion to Dismiss, or in

the alternative, for Summary Judgment as to Counts I, II, and IX. *Phillips III*, 390 F. Supp. 3d at 183. The Court also granted Mr. Miller's Motion for Summary Judgment as to Counts VI and VIII. *Id.*

Thereafter, the Individual Defendants filed the instant Motion to Dismiss the remaining claims for breach of fiduciary duty, defamation, and civil conspiracy. *See* Defs.' Mot. Dismiss, ECF No. 140; Defs.' Br. Supp. Mot. Dismiss ("Defs.' Mot."), ECF No. 140-1. Plaintiffs filed a brief in opposition, *see* Pls.' Opp'n Defs.' Mot. Dismiss ("Pls.' Opp'n"), ECF No. 141, and Defendants filed a reply in support of their motion, *see* Defs.' Reply Supp. Mot. Dismiss ("Defs.' Reply"), ECF No. 142. This motion is ripe and ready for the Court's adjudication.

### III. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). On a Rule 12(b)(1) motion to dismiss, the party asserting jurisdiction has the burden of establishing that the Court has subject matter jurisdiction over the case. *See Logan v. Dep't of Veterans Affs.*, 357 F. Supp. 2d 149, 153 (D.D.C. 2004) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182–83, (1936)). "Because Rule 12(b)(1) concerns a court's ability to

6

hear a particular claim, the court must scrutinize the [party]'s allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011) (citations omitted).

To assess whether a complaint sufficiently alleges subject matter jurisdiction, the Court accepts as true the allegations of the complaint, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and liberally construes the pleadings in the plaintiff's favor, *see Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004). The Court may also consider "undisputed facts evidenced in the record" as well as its own "resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

## IV. Analysis

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They "possess only the power authorized by the Constitution and by statute." *Jarkesy v. S.E.C.*, 803 F.3d 9, 15 (D.C. Cir. 2015). "When a federal court has an independent basis for exercising federal jurisdiction, it may, in certain circumstances, also exercise pendent, or supplemental jurisdiction over related claims under state law." *Women*

7

*Prisoners of D.C. Dep't of Corr. v. Dist. of Columbia*, 93 F.3d 910, 920 (D.C. Cir. 1996).

> In *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), the Supreme Court crafted a two-part test to determine when the assertion of jurisdiction over a state law claim is appropriate. First, the district court must determine whether the state and the federal claims "derive from a common nucleus of operative fact"; if they do, the court has the *power,* under Article III of the Constitution, to hear the state claim. *Id.* at 725, 86 S. Ct. at 1138. Second, even if it concludes that it has that power, the district court must then decide whether to exercise its *discretion* to assert jurisdiction over the state issue. *Id.* at 726, 86 S. Ct. at 1139. The Supreme Court cautioned that
>
>> pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims . . . . Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.

*Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725-26 (1966)). "A district court's decision to resolve state law claims is reviewed for an abuse of discretion." *Id.* (citing *Edmondson & Gallagher v. Alban Towers Tenants Ass'n,* 48 F.3d 1260, 1265-66 (D.C. Cir. 1995)).

In 1990, Congress enacted the supplemental jurisdiction statute, which provides in relevant part:

(a)   Except   as   provided   in subsections (b) and (c) . . . , in any civil action of which the district courts have original jurisdiction, the district courts shall   have   supplemental jurisdiction over all other claims that are so related to claims in the action   within   such   original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution . . . .

\* \* \* \* \* \*

(c) The district courts may decline to   exercise   supplemental jurisdiction over a claim under subsection (a) if—

(1)  the  claim  raises  a novel or complex issue of State law,

(2)   the   claim substantially predominates   over   the claim  or  claims  over which the district court has   original jurisdiction,

(3) the district court has dismissed all claims over which  it  has  original jurisdiction, or

(4)   in   exceptional circumstances,  there  are other  compelling  reasons

9

> for declining
> jurisdiction.

*Id.* at 920-21. Each Section 1367(c) basis provides an independent reason for a court to decline supplemental jurisdiction. *Edmondson & Gallagher*, 48 F.3d at 1266.

## A. The Common-Law Claims Form Part of the Same Case or Controversy

The Amended Complaint invoked the Court's supplemental jurisdiction over the state-law claims on the grounds that those claims were "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *compare* Am. Compl., ECF No. 42 at 29-35 ¶¶ 99-126, *with id.* at 35-48 ¶¶ 127-199. The Court concludes that the remaining common-law claims form part of the same case or controversy. Defendants do not suggest otherwise. *See generally* Defs.' Mot., ECF No. 140-1.

## B. The Court Will Exercise Supplemental Jurisdiction Over the Remaining Claims

In light of the dismissal of the federal constitutional claims, *Phillips III*, 390 F. Supp. 3d at 183; the Amended Complaint contains no further federal causes of action over which the Court has original subject matter jurisdiction. The Court therefore must consider whether it "may decline to exercise supplemental jurisdiction" over the remaining claims.

28 U.S.C. § 1367(c). Defendants invoke two of the Section 1367(c) bases, arguing that the Court should decline to exercise supplemental jurisdiction over the remaining claims because: (1) they raise novel issues of state law; and (2) the Court has dismissed all of the federal claims. Defs.' Mot., ECF No. 140-1 at 2, 6. For the reasons that follow, the Court concludes in its discretion that it will exercise supplemental jurisdiction over the remaining state-law claims.

### 1. The Remaining Claims Do Not Raise Novel or Complex Issues of State Law

The supplemental-jurisdiction statute permits federal courts to decline to exercise jurisdiction over novel and complex issues of state law, 28 U.S.C. § 1367(c)(1); because "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties," *Gibbs*, 383 U.S. at 726.

Defendants assert that the common-law claims raise "unresolved issues of District of Columbia law" because with regard to the breach of fiduciary duty claim, "[t]here does not appear to be much, if any, law in the District of Columbia clearly telling" the Individual Defendants what their duty was. Defs.' Mot., ECF No. 140-1 at 6. Defendants provide no caselaw to support their assertion. *See generally id*. In their Reply brief, they acknowledge that while breach of fiduciary duty is

11

not a novel issue on its own, "the peculiar factual circumstances" here make it so. Defs.' Reply, ECF No. 142 at 1-2. Plaintiffs respond that "there are no uncertain questions of District of Columbia law with respect to the [remaining] breach of fiduciary duty, defamation, and civil conspiracy claims." Pls.' Opp'n, ECF No. 141 at 5; and point out that the Court has already ruled on the breach of fiduciary duty and civil conspiracy claims with regard to Mr. Miller, *id.*

Defendants have failed to identify any novel or complex issues of state law regarding the remaining claims of breach of fiduciary duty, defamation, and civil conspiracy. As an initial matter, they asserted only that the breach of fiduciary duty claim raised an unsettled issue of District of Columbia law, raising no issue with respect to the defamation and civil conspiracy claims. *See* Defs.' Mot., ECF No. 140-1 at 6-7. Defendants then acknowledged that the factual scenario in this case, not the applicable law, is unusual. Defs.' Reply, ECF No. 142 at 1-2. However, while "the facts underlying the [state-law] claim[s] may be novel, [here] the question presented" is not. *Powers v. United States*, 783 F.3d 570, 577 (5th Cir. 2015).

That the state law claims do not raise novel issues of District of Columbia law is demonstrated in the Court's 2019 Memorandum Opinion. In that Opinion, the Court ruled on cross-

motions for summary judgment with respect to the breach of
fiduciary duty and civil conspiracy claims against Mr. Miller.
*Phillips III*, 390 F. Supp. 3d at 167-82. On the breach of
fiduciary duty claim, the Court concluded that that Plaintiffs
proved Mr. Miller's duty of loyalty but not breach of that duty
or proximate cause. *See id.* at 170-81. On the civil conspiracy
claim, the Court concluded that Plaintiffs did not establish
that there was an agreement between two or more persons. *See id.*
at 181-82.

For these reasons, the Court need not decline to exercise
supplemental jurisdiction on this basis.

### 2. The Court Can Exercise Supplemental Jurisdiction Even Though It Dismissed the Federal Claims

Section 1367(c)(3) permits district courts to decline to
exercise supplemental jurisdiction when they have already
dismissed the claims that supported original jurisdiction. 28
U.S.C. § 1367(c)(3); *see also Karim-Panahi v. 4000 Mass.
Apartments*, No. 18-7054, 2018 WL 6167393, at *1 (D.C. Cir. Nov.
1, 2018) (per curiam) (affirming dismissal on this ground
alone). Defendants argue that when a district court has
dismissed all the claims over which it had original
jurisdiction, "the law makes clear that the greatly favored
course is to dismiss the supplemental claims without prejudice.
There is nothing about this case that makes it an exception to

13

that rule." Defs.' Reply, ECF No. 142 at 2. At the same time, however, they acknowledge, as they must, that "[w]hether to retain jurisdiction over pendent state and common law claims after the dismissal of the federal claims is 'a matter left to the sound discretion of the district court.'" Defs.' Mot., ECF No. 140-1 at 2 (quoting *Edmondson & Gallagher*, 48 F.3d at 1265-66).

"[I]n the usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 424 (D.C. Cir. 2005) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). The Court finds, however, that this litigation does not present "the usual case" and that the balance weighs in favor of exercising supplemental jurisdiction.

Both judicial economy and convenience weigh strongly in favor of the Court retaining jurisdiction over the remaining claims. This case has been before the Court for over ten years. *See generally* Docket for Civil Action No. 11-2021; *cf. White V. Bank of Am., N.A.*, 200 F. Supp. 3d 237, 247 (D.D.C. 2016) (determining that the Court would exercise supplemental jurisdiction over the remaining state-law claim where the case

14

had been pending in federal court for almost four years).
Although the Parties have not conducted discovery on the
remaining claims, *see* Defs.' Mot., ECF No. 140-1 at 3; the Court
has issued three Memorandum Opinions, thereby becoming familiar
with the facts, *see Phillips III*, 390 F. Supp. 3d at 145-151;
*Phillips II*, 319 F.R.D. at 37; *Phillips I*, 894 F. Supp. 2d at
77-79. Furthermore, the Court has already considered the breach
of fiduciary duty and civil conspiracy claims in light of these
facts, albeit with respect to a different Defendant in the case.
*See Phillips III*, 390 F. Supp. 3d at 167-82 (considering claims
against Mr. Miller). Furthermore, and as explained *supra*,
because the state-law issues are neither novel nor complex,
comity does not demand dismissal.

    For these reasons, the Court will exercise supplemental
jurisdiction over the remaining state-law claims in this case.[3]

---

[3] Since the Court will exercise supplemental jurisdiction over
the state-law claims, the Court need not reach Plaintiffs'
argument that diversity jurisdiction now exists.

## V.    Conclusion

For the reasons set forth above, the Court **DENIES** the remaining Individual Defendants' Motion to Dismiss, ECF No. 140. A separate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

Signed:    **Emmet G. Sullivan**
           **United States District Judge**
           **May 19, 2022**